# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**RONNIE GERALD BELT,**

        **Petitioner,**

**v.**                                             **Civil Action No. 2:15CV87**
                                                  **Criminal Action No. 2:13CR30**
**UNITED STATES OF AMERICA,**        **(JUDGE BAILEY)**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    Introduction

On November 16, 2015, *pro se* Petitioner, Ronnie Gerald Belt, filed a Motion [ECF No. 59] Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government was ordered to file an answer on February 23, 2016. ECF No. 68. On March 21, 2016, the Government filed a Response and Memorandum in Opposition to Petitioner's Motion. ECF Nos. 70, 71. On April 22, 2016, Petitioner filed a Reply to the Government's Response and Memorandum. ECF No. 77. Further, May 13, 2016, Petitioner filed a Supplemental Reply to the Government's Response and Memorandum. ECF No. 79.

### II.    Facts

**A. Conviction and Sentence**

On November 21, 2015, Petitioner signed a Plea Agreement in which he agreed to plead Guilty to Count Two of the Indictment, possession of material used in the manufacture of methamphetamine, in violation of Title 21, United States Code, Sections

---
[1] All CM/ECF references will be to criminal case number 2:13CR30.

1

843(a)(6) and 843(d)(2). Plea Agreement, ECF No. 35 at ¶ 1. In the Plea Agreement, the parties agreed that Petitioner entered a conditional guilty plea, reserving the right to appeal the adverse determination of the District Court's Order affirming the United States Magistrate's Report and Recommendation [ECF No. 30] denying the Petitioner's Motion to Suppress Evidence [ECF No. 18], Motion to Suppress Evidence Pursuant to *Franks v. Delaware* [ECF No. 19], and Supplemental Motion to Suppress Evidence [ECF No. 27]. Id. at ¶ 13. Although Petitioner reserved the right to appeal the adverse determination of the documents listed, Petitioner waived his right to an appeal and to collaterally attack his sentence. Id. at ¶¶ 13-14. Specifically, Petitioner's Plea Agreement contained the following language regarding his waiver:

> 13. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Except as provided in paragraph one (1) above,[2] and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal his sentence or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742, if sentence is consistent with a Guideline total offense of level 26 or lower.
> 14. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, the defendant's waiver contained in this paragraph will be voided provided

---

[2] Paragraph one (1) of the Plea Agreement contains the following language: "The defendant reserves the limited right, on appeal from the judgment, to review only the adverse determination of the District Court's Order affirming the United States Magistrate's Report and Recommendation (document 30) denying the defendant's Motion to Suppress Evidence (document 18), Motion to Suppress Evidence Pursuant to *Franks v. Delaware* (document 19) and Supplemental Motion to Suppress Evidence (document 27)." ECF No. 35 at ¶ 1.

>the defendant complies with the Rules of Appellate Procedure.

Id. at ¶¶ 13-14.

On December 2, 2013, Petitioner entered his plea in open court. Petitioner was 52 years old and had completed the ninth grade. Plea Tr. at 8, ECF No. 72. The Court asked Petitioner if he could read, write, speak, and understand English and Petitioner responded that he could. Id. The Court specifically asked Petitioner if he understood the waiver of his appellate and post-conviction relief rights and Petitioner said he understood. Id. at 18. The Court then reviewed all the rights Petitioner was giving up by pleading guilty. Id. at 30. During the plea hearing, the Government presented a proffer to establish a factual basis for the plea. Id. at 32-33. Petitioner did not contest the factual basis of the plea.

Petitioner advised the Court that he was guilty of Count Two of the Indictment. Id. at 31. Petitioner stated under oath that his plea was his own free and voluntary, knowing and intelligent conditional plea. Id. Further, Petitioner testified that no one had attempted to force him to plead guilty or threatened him to plead guilty. Id. at 24. Petitioner testified that he was pleading guilty of his own free will. Id. Petitioner testified that his attorney adequately represented him and that his attorney had left nothing undone. Id. at 15-17.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that Petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. Id. at 33-34. Petitioner did not object to the Court's finding.

On February 19, 2014, Petitioner appeared before the Court for sentencing. Sentencing Tr., ECF No. 74. After considering several factors, including the circumstances of both the crime and the defendant's personal history, as well as the sentencing objectives of punishment, the Court found a base level offense of 29. Id. at 8. Petitioner was sentenced to a term of 97 months imprisonment, which was at the lowest end of the guideline range and a term of three years of supervised release upon his release from imprisonment. The Court waived any fine that could have been imposed. Id. at 12-16.

**B. Direct Appeal**

Petitioner filed a Notice of Appeal on February 25, 2014. ECF No. 44. On April 28, 2015, in a per curiam opinion, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's denial of Petitioner's Motion to Suppress. Per Curiam Op. of USCA, ECF No. 53 at 2. In doing so, the Court of Appeals assumed the troopers violated the Fourth Amendment when they entered Petitioner's home but held that Petitioner's statements were sufficiently attenuated from the constitutional violation such that suppression was not warranted. Id.

**C. Federal Habeas Corpus**

On November 16, 2015, Petitioner filed this Section 2255 Motion to Vacate on one claim of ineffective assistance of counsel at the trial level and three claims of ineffective assistance of counsel at the appellate level. ECF No. 59. Petitioner claims trial counsel failed to obtain a copy of the recording of the informant testimony. Id. at 8. Further, Petitioner asserts appellate counsel failed to raise the claim that Petitioner's Fourth Amendment rights were violated because the officers did not have legal

4

permission to enter Petitioner's residence. Id. at 4. Petitioner claims appellate counsel failed to raise the claim that Petitioner's Fifth Amendment rights were violated because the officers relied on false testimony to obtain a warrant to search Petitioner's residence. Id. at 5. Further, Petitioner asserts appellate counsel failed to raise the claim that Petitioner's Due Process rights were violated because an exceptional sentence was imposed. Id. at 6. Petitioner asks this Court "to order an evidentiary hearing on the grounds of ineffective assistance of counsel and the fact that the scope of the illegal entry was never ruled on by the court." Id. at 12.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 motion be denied and dismissed from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and Petitioner's claims lack merit.

### III.   Analysis

#### A. *Applicable Law Regarding Petitioner's Waiver and Petitioner's Ineffective Assistance of Counsel Claims*

##### 1.   **Law Governing Waivers of Direct Appeal and Collateral Attack Rights**

"…[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." Id. The Fourth Circuit has recognized that the Government often secures waivers of both appellate and collateral attack rights "from

criminal defendants as part of their plea agreements." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Courts have routinely held that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); citing United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990)(quoting United States v. Clark, 865 F.2d1433, 1437(4th Cir. 1989). Specifically, the Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. Id. at 732. Furthermore, the Attar court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence" on the ground that he was wholly deprived of counsel during sentencing procedures. Id.

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." Id. at 220. The Lemaster court did not address whether the same exceptions that were noted by the Attar court apply to a waiver of collateral attack rights, but it did note that it saw "no reason to

distinguish" between the two. Id. at 220 n.2; see also United States v. Cannady, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet issued a binding decision defining the scope of collateral attack waivers and so has not yet imposed on this Court a standard governing "the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." Braxton v. United States, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005).[3] However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. Cannady, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." Braxton, 358 F. Supp. 2d at 503.

### 2. Law Governing Whether a Waiver is Knowing and Intelligent

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" Attar, 38 F.3d at 731 (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." United States v.

---

[3] The Fourth Circuit issued an unpublished per curiam opinion affirming the Western District of Virginia's ruling in Braxton. See United States v. Braxton, 214 F. App'x 271 (4th Cir. 2007) (per curiam).

7

Blick, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

### 3. Standards Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of her conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002)(quoting Strickland, 466 U.S. at 689). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

8

reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "…the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that "[i]f the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields v. Maryland, 956 F.2d 1290, 1297.

### B. *Petitioner's Ineffective Assistance of Counsel Claims*

As an initial matter, Petitioner's claims are insufficiently pled. "Habeas petitions must meet heightened pleading requirements. . . . " See McFarland v. Scott, 512 U.S. 849, 856 (1994). Accordingly, a Petitioner must present evidence that his claims have merit. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Here, Petitioner has not provided any factual support for his claims; accordingly, for this reason, the undersigned recommends his claims be dismissed. However, the undersigned will proceed to discuss why each claim should also be denied on the merits.

#### 1. Petitioner's Claim of Ineffective Assistance of Counsel Prior to Plea Colloquy.

As noted above, Petitioner asserts one ground of ineffective assistance of counsel at trial. Specifically, Petitioner claims that counsel failed to obtain a copy of the

recording of informant testimony. Even if Petitioner had provided support for this claim, the claim falls within the scope of Petitioner's collateral attack waiver because the claim asserts ineffective assistance of counsel for conduct occurring before the entry of Petitioner's guilty plea. See Lemaster, 403 F.3d at 220 & n.2; Cannady, 283 F.3d at 645 n.3; Attar, 38 F.3d at 731, 732; Braxton, 358 F. Supp. 2d at 503. A defendant who enters a voluntary guilty plea cannot later "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Menna v. New York, 423 U.S. 61, 62 n.2 ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilty is validly established.").

The undersigned finds that Petitioner's waiver of his right to file a motion pursuant to 28 U.S.C. § 2255 was knowing and intelligent. See Attar, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that he was 52 years old and had completed the ninth grade. Plea Tr. at 8, ECF No. 72. He further testified that he was on medications for arthritis, spina bifida, and high blood pressure, but none of those medications affected his ability to hear, understand, and respond to questions, speak to his attorney, or make decisions about his case. Id. at 9-11. Magistrate Judge Kaull specifically asked Petitioner if he understood that he was giving up his right to appeal his sentence and his right to file a collateral attack, and Petitioner replied that he understood. Id. at 18; see also Blick, 408 F.3d at 169. Petitioner also testified that he reviewed the Plea Agreement with his attorney before signing it. Id. at 20. At the conclusion of the plea colloquy, Magistrate Judge Kaull found that Petitioner's plea was

made freely and voluntarily, that Petitioner had full knowledge and understanding of the consequences of his guilty plea, and that the elements of the crime were established beyond a reasonable doubt. Id. at 33-34.

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Therefore, guilty pleas are not normally subject to collateral attack but can be so challenged on the ground that the plea was not knowing or voluntary. Bousley v. United States, 523 U.S. 614, 621-22 (1998). A defendant may attack the voluntary nature of his plea by demonstrating that he received ineffective assistance of counsel. Tollett, 411 U.S. at 267. However, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict Petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (citations omitted).

In this case, Petitioner contends that his attorney was ineffective by failing to obtain a copy of the recording of the informant testimony. During the plea hearing, Petitioner testified as follows regarding his attorney representation:

> THE COURT: How many times would you say you and Mr. Kornbrath got together and talked either in person or on the phone about your case?
> THE DEFENDANT: I would say 12.
> THE COURT: Did you and Mr. – did you ask Mr. Kornbrath questions, sir?
> THE DEFENDANT: Yes, sir.
> THE COURT: And did he answer the questions that you asked?
> THE DEFENDANT: Yes.
> THE COURT: Is there any question that you asked him that you think he improperly refused or failed to answer?
> THE DEFENDANT: No, sir.

11

> THE COURT: Is there anything you asked him to do for you which you think he improperly failed to do for you?
> THE DEFENDANT: No, sir.
> THE COURT: Are you completely satisfied with the legal assistance, counsel and advice and actions that Mr. Kornbrath has provided to you in this case?
> THE DEFENDANT: Yes, Your Honor.

Id. at 19.

Petitioner's sworn testimony during the plea hearing is presumptively true. The allegation that defense counsel failed to obtain a copy of the recording of the informant prior to the plea hearing directly contradicts the sworn testimony of Petitioner at the plea hearing. Additionally, Petitioner's guilty plea renders irrelevant any constitutional violation inconsistent with established guilt. The recordings are irrelevant because Petitioner admitted that he is in fact guilty. Plea Tr. at 31, ECF No. 72. Further, Petitioner waived his right to collaterally attack his sentence. For these reasons, the undersigned recommends this claim be dismissed.

### 2. Petitioner's Claims of Ineffective Assistance of Counsel on Appeal

Three of Petitioner's claims of ineffective assistance of counsel regard appellate counsel's conduct. The undersigned will discuss the first two claims together as they both deal with issues regarding the search of Petitioner's home.

#### a) Ineffective Assistance of Appellate Counsel for Failing to Appeal Fourth Amendment Issue and the Denial of Petitioner's Motion to Suppress

Specifically, Petitioner alleges that appellate counsel was ineffective for failing to raise the claim that the officers did not have legal permission to enter Petitioner's residence and that the officers relied on false testimony to obtain a warrant to search Petitioner's residence. Mot. to Vacate at 4-5, ECF No. 59. These issues were

addressed in the District Court's Order Adopting Report and Recommendation Denying Defendant's Motion to Suppress, which was later appealed to the Fourth Circuit. ECF No. 37. In denying Petitioner's Motion to Suppress, the District Court summarized the circumstances regarding the entry into the home and the subsequent search warrant as follows:

> The testimony at the suppression hearing revealed that three officers arrived at the defendant's home to question him. When they arrived, they saw a juvenile in the yard, who Sgt. Dornburg testified was estimated to be between 10 and 12 years old…. [T]he testimony reveals that the juvenile said he was the defendant's son, said his father was inside, and invited the officers to enter….

Id. at 3. The District Court further summarized the facts in support of the search warrant as follows:

> On April 3, 2013, Sgt. G.E. Dornburg and Troopers S. C. Baier and S. G. Blake of the WV State Police went to the residence of Ronnie Belt…to speak with Ronnie Belt about an anonymous tip they had received that he was cooking methamphetamine in the residence. Upon speaking with Ronnie Belt the officers explained why they were there and asked for consent to search the residence. Mr. Belt decline to give consent…. The officers asked Mr. Belt if there was something in the residence he was concerned about. Mr. Belt responded that there were two jars in the residence that "may have been used for something" and that the officers would need to obtain a search warrant. The officers sealed the residence and sought the search warrant.

Id. at 6-7.

The Fourth Circuit affirmed the District Court's denial of Appellant's Motion to Suppress. Per Curiam Op. of USCA, ECF No. 53. The Fourth Circuit assumed that the trooper's violated the Fourth Amendment when they entered Appellant's home, but held

13

that "Appellant's statements were sufficiently attenuated from the constitutional violation such that suppression was not warranted." Id. at 2.

It is evident from the record that appellate counsel did address these two issues surrounding the entry into Petitioner's home and subsequent search warrant as they were the same issues addressed by the District Court in denying the Motion to Suppress. Order Adopting Report and Recommendation, ECF No. 37. Appellate counsel appealed the District Judge's ruling on the Motion to Suppress which was part of the conditional plea. The Fourth Circuit affirmed the District Judge's decision. Therefore, appellate counsel was not deficient in his performance nor was Petitioner prejudiced. Appellate counsel was not ineffective under the Strickland standards and these claims should be dismissed.

### b) Ineffective Assistance of Appellate Counsel for Failing to Assert on Appeal that an Exceptional Sentence was Imposed in Violation of Petitioner's Due Process Rights

Petitioner's claim is again without merit. As noted above, the undersigned finds that all these claims were insufficiently plead and should be dismissed on those grounds. However, the undersigned will proceed to discuss the merits of this claim. Petitioner asserts that an exceptional sentence was imposed with unreliable information and without meeting the "preponderance of evidence" standard. Mot. to Vacate at 6, ECF No. 59.

As part of the plea agreement, certain stipulations were made regarding the sentencing guidelines. One of those stipulations was as follows:

> This case involves the "shake and bake" method of manufacturing methamphetamine. This method is highly dangerous and many of the chemicals involved, if not

14

> carefully stored, are toxic, inherently dangerous, highly
> flammable and pose a serious risk to those who inhale them.
> See United States v. Williams, Appeal No. 11-5148 (4th Cir.,
> March 25, 2013)(unpublished); also Congressional finding
> behind the Methamphetamine Anti-Proliferation Act of 2000
> (H.R.Rep. No. 106-878(I), at 22(2000). While the parties
> agree to these facts and to the summary of federal case law
> finding in Williams regarding the dangerousness of involved
> chemical, the parties do not agree whether the facts of the
> instant case are extraordinary enough, pursuant to Williams
> and United States v. Pinnow, 469 F.3d 153, 1156-57(8th Cir.
> 2006), to trigger the application of the "risk" enhancement in
> Guideline 2D1.1(b)(1).

Plea Agreement at 5, ECF No. 35. During sentencing, defense counsel objected to a six level enhancement under Sentencing Guideline Section 2D1.1(b)(10)(d) for creating substantial risk to a minor. Sent. Tr. at 4-5, ECF No. 74. However, the sentencing court denied this request and adopted the presentence report without change. Id. at 6-7. In this case, Petitioner's claim fails because the sentence range was properly calculated as 97-120 months based on the total offense level of 29[4]. Petitioner received a sentence of 97 months which was at the low-end of that applicable guideline range. Judgment, ECF No. 42.

Counsel is not obligated to assert all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 750 (1983). In determining whether an individual was provided ineffective assistance of counsel on appeal, the court must presume appellate counsel decided which issues would be most successful on appeal.[5] Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 510 U.S. 984 (1993). "Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a

---

[4] Petitioner only waived his right to appeal if the sentence was consistent with a Guideline total offense level 26 or lower. Plea Agreement at 6, ECF No. 35.
[5] In this case, appellate counsel was limited by the Plea Agreement as to the issues he could appeal. However, since the total offense level was a 29, Petitioner could have appealed his sentence as well.

particular claim [on direct appeal] but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id.

The undersigned finds Petitioner's contentions unpersuasive. The District Judge thoroughly addressed his reasoning for applying the six level enhancement for danger to a minor by the cooking of methamphetamine where the youth resides. Sent. Tr. at 6-7, ECF No. 74. Additionally, the District Judge addressed the issue of the Petitioner's criminal history in his determination as follows: "Certainly his criminal history lends itself to finding that the defendant is a violent individual, which probably isn't reflected significantly enough by his criminal history score." ECF No. 74 at 15. Specifically, the District Judge stated that,

> In 1994 the defendant pled guilty to a third-degree arson and two counts of attempted murder. At the time the defendant attempted to murder his wife and a couple of relatives by setting fire to the dwelling house that these subjects were living in and trapping them upstairs in the house by setting fire to a downstairs staircase. The defendant was armed with a shotgun and the victims feared for their lives, fearing he would kill them if they tried to escape the fire.

Id. at 15-16. The sentence imposed, although above the total offense level of 26, was accurately calculated and the reasoning behind the sentence was specific and well stated. For these reasons, the undersigned finds appellate counsel was not deficient in his performance for not appealing this sentencing issue. Thus, Petitioner's claim should be dismissed.

## IV. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's §2255 **motion [ECF No. 59] be denied and dismissed** from the docket because Petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and Petitioner's claims are meritless.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address on the docket sheet, and to counsel of record, as applicable.

DATED: June 3, 2016

/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE